IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF NORTH CAROLINA
STATESVILLE DIVISION
CIVIL ACTION NO. 5:21-CV-00129-KDB-DCK

| | |
|---|---|
| **RUTT RENTAL, LLC,** | |
| Plaintiff, | |
| v. | **ORDER** |
| **ATLANTIC COAST FIRE TRUCKS, LLC,** | |
| Defendant. | |

**THIS MATTER,** which should be a straightforward state law lease dispute between citizens of North and South Carolina, has now been on the Court's docket for over 3 years. Beyond a stay occasioned by issues related to an environmental assessment of potential damages to the leased property (which has now been liquidated to be less than $6000), the delay in the resolution of this dispute has been caused by what appears to be personal acrimony among the parties and overly zealous legal contentions on both sides. On July 25, 2024, Plaintiff Rutt Rental filed an Amended Complaint which pleads that Rutt Rental is not, as originally alleged, the owner of the leased property; rather it is individually owned by Michael Rutkauskas, who also owns 90% of Rutt Rental's stock. Defendant has now filed a Motion for Summary Judgment, (Doc. No. 66), challenging Plaintiff's standing to pursue this action and asserting that Michael Rutkauskas is a necessary party.

Having carefully considered the motion and the parties' memoranda in support and in opposition, the Court will **DENY** the motion. The Court is not persuaded by Rutt Rental's almost comical attempt to rely on an oral lease "with no terms" between the company and Michael

1

Rutkauskas (that is, nothing more than a theoretical conversation with himself). However, the ultimate legal import of the undisputed circumstances is that Rutt Rental transferred ownership of the property to its 90% individual owner in December 2014, but still allowed Rutt Rental to continue to possess, control and manage the property (effectively ignoring the property transfer from a formal legal perspective). Then, in January 2015 when Rutt Rental entered into the governing lease with the Defendant as the Landlord, Michael Rutkauskas ratified the transaction by signing the lease himself (on behalf of Rutt Rental). Therefore, even though Rutt Rental was never given a continuing possessory interest beyond being a "tenant at will," it has standing to enforce the clearly ratified written (and long ago fully executed) lease agreements with the Defendant. Further, there is no legal requirement that Michael Rutkauskas be a party to this action, in which the parties to the lease can fully settle their rights and obligations. In sum, it is (past) time for this case to go to trial or otherwise finally be resolved.

## I. LEGAL STANDARD

Summary judgment is appropriate "if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." *United States v. 8.929 Acres of Land in Arlington Cnty., Virginia*, 36 F.4th 240, 252 (4th Cir. 2022) (quoting Fed. R. Civ. P. 56(a)); *see United States, f/u/b Modern Mosaic, LTD v. Turner Construction Co., et al.*, 946 F.3d 201, 206 (4th Cir. 2019). A factual dispute is considered genuine "if the evidence is such that a reasonable jury could return a verdict for the nonmoving party." *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986); *8.929 Acres of Land,* 36 F.4th at 252. "A fact is material if it might affect the outcome of the suit under the governing law." *Id*., (quoting *Libertarian Party of Va. v. Judd*, 718 F.3d 308, 313 (4th Cir. 2013)).

The party seeking summary judgment bears the initial burden of demonstrating the absence of a genuine issue of material fact through citations to the pleadings, depositions, answers to interrogatories, admissions, or affidavits in the record. *See Celotex Corp. v. Catrett*, 477 U.S. 317, 323 (1986) (when the nonmoving party "has failed to make a sufficient showing on an essential element of [his] claim with respect to which [he] has the burden of proof," summary judgment is warranted); *United States ex rel. Gugenheim v. Meridian Senior Living, LLC*, 36 F.4th 173, 178 (4th Cir. 2022). If the movant satisfies his initial burden to demonstrate "an absence of evidence to support the nonmoving party's case," the burden shifts to the nonmovant to "present specific facts showing that there is a genuine issue for trial." *8.929 Acres of Land,* 36 F.4th at 252, quoting *Humphreys & Partners Architects, L.P. v. Lessard Design, Inc.*, 790 F.3d 532, 540 (4th Cir. 2015). "The mere existence of *some* alleged factual dispute between the parties will not defeat an otherwise properly supported motion for summary judgment. *Hixson v. Moran*, 1 F.4th 297, 302 (4th Cir. 2021). Rather, the nonmoving party must establish that a material fact is genuinely disputed by, *inter alia*, "citing to particular parts of the materials of record" and cannot rely only on "conclusory allegations, mere speculation, the building of one inference upon another, or the mere existence of a scintilla of evidence." Fed. R. Civ. P. 56(c)(1)(A); *8.929 Acres of Land,* 36 F.4th at 252, quoting *Dash v. Mayweather*, 731 F.3d 303, 311 (4th Cir. 2013).

Still, summary judgment is not intended to be a substitute for a trial of the facts. *Anderson*, 477 U.S. at 249. In determining if summary judgment is appropriate, "courts must view the evidence in the light most favorable to the nonmoving party and refrain from weigh[ing] the evidence or mak[ing] credibility determinations." *Variety Stores, Inc. v. Wal-Mart Stores, Inc.*, 888 F.3d 651, 659 (4th Cir. 2018) (internal quotation marks omitted) (quoting *Lee v. Town of Seaboard*, 863 F.3d 323, 327 (4th Cir. 2017). "Summary judgment cannot be granted merely

because the court believes that the movant will prevail if the action is tried on the merits." *Jacobs v. N.C. Admin. Office of the Courts*, 780 F.3d 562, 568-69 (4th Cir. 2015) (quoting 10A Charles Alan Wright & Arthur R. Miller et al., Federal Practice & Procedure § 2728 (3d ed.1998)). In the end, the relevant inquiry on summary judgment is "whether the evidence presents a sufficient disagreement to require submission to a jury or whether it is so one-sided that one party must prevail as a matter of law." *Anderson*, 477 U.S. at 251–52.

## II. FACTS AND PROCEDURAL HISTORY

Rutt Rental is the owner of a commercial building located in Denver, North Carolina (the "Property"). The Property, which has concrete driveways and floors, includes a commercial building with three garage doors and a workshop. Defendant Atlantic Coast Fire Trucks, LLC ("Atlantic") is in the business of repairing commercial diesel-fueled vehicles, including fire trucks. On January 26, 2015, Atlantic entered into a written Commercial Lease Agreement (the "Lease") with Rutt Rental to use the Property as Atlantic's main service facility. Doc. No. 22-2. Michael Rutkauskas signed the Lease on behalf of Rutt Rental, the named "Landlord." *Id*. at 21. The parties briefly renewed the lease in February 2020, after the five-year lease term expired.

Atlantic vacated the premises after the extended lease ended on August 31, 2020. However, Rutt Rental claimed that Atlantic had damaged the Property while it was occupied, and the parties were unable to resolve that dispute.[1] On April 13, 2021, Plaintiff filed this action in North Carolina state court asserting that Atlantic was liable for its alleged failure to satisfy its obligations under the Lease to repair damage to the Property and return it to the condition it was in at the beginning of the tenancy. The matter was timely removed to this Court and the parties

---

[1] A more detailed description of the facts can be found in the Court's November 2022 Order on the parties' cross-motions for partial summary judgment, Doc. No. 30.

proceeded to conduct discovery, file motions and otherwise pursue the litigation. In February 2023, the matter was stayed to allow time for the State of North Carolina to conduct proceedings related to alleged environmental damage to the Property.[2]

The stay of the action was lifted in February 2024. After more motions were filed related to discovery disputes, Rutt Rental sought by motion to amend its Complaint, which the Court allowed over Atlantic's opposition. *See* Doc. No. 62. In July 2024, Plaintiff amended its Complaint. Doc. No. 63. In that pleading, Plaintiff alleged that it did not own the Property when the Lease was executed. *Id*. at ¶¶ 2 – 6. Instead, Rutt Rental sold it to Michael Rutkauskas in December of 2014 because Lawrence Rutkauskas, Michael's brother who owned 10% of the company, was going through an "acrimonious divorce." *Id*. at ¶¶ 4-6. Plaintiff also alleged that together with the transfer of the Property, Rutt Rental entered into "a verbal lease" with Michael Rutkauskas to conduct "its normal business of leasing the [p]roperty via sublease." *Id*. Plaintiff describes the oral lease as "an open-ended, periodic tenancy." *Id*. While Michael Rutkauskas' recollections concerning the oral lease have been, at best, inconsistent, he has testified that the purported oral lease had no terms. *See* Doc. No. 49-6 at 197) ("Q. What are the terms of this purported oral lease? A. There are no terms."). Further, Lawrence Rutkauskas testified that the alleged oral lease was never discussed between him and his brother after it was agreed and was intended to be "permanent." *See* Doc. No. 56-1 at 90-91.

### III. DISCUSSION

#### A. Rutt Rental's Standing

---

[2] Plaintiff has now stipulated that the amount of this alleged environmental damage to the Property is $5700 for the purposes of this litigation. Doc. No. 68 at 2.

5

Case 5:21-cv-00129-KDB-DCK   Document 71   Filed 10/02/24   Page 5 of 9

Atlantic's primary argument in support of its motion for summary judgment is that Rutt Rental lacks standing to pursue its claims against Atlantic under the Lease because Rutt Rental did not own the Property or have a possessory interest under the "oral lease." Indeed, Atlantic contends that the alleged lease between Michael Rutkauskas and Rutt Rental is void under the statute of frauds. As summarized above, although the Court agrees with Defendant that the "oral lease" is unenforceable and of no effect, Rutt Rental does have a possessory interest sufficient to establish standing to pursue the action.

Standing does not refer simply to a party's capacity to appear in court. Rather, standing is gauged by the specific common-law, statutory or constitutional claims that a party presents. *Gen. Tech. Applications, Inc. v. Exro Ltda*, 388 F.3d 114, 118 (4th Cir. 2004). "Typically, . . . the standing inquiry requires careful judicial examination of a complaint's allegations to ascertain whether the particular plaintiff is entitled to an adjudication of the particular claims asserted." *Int'l Primate Prot. League v. Adm'rs of Tulane Educ. Fund,* 500 U.S. 72, 77 (1991). In a diversity case, the Court consults state law to determine the nature of the litigant's rights and whether he is entitled to assert the claims he makes. *Gen. Tech. Applications*, 388 F.3d at 118.

Under North Carolina law, a plaintiff must establish standing in order to assert a claim for relief. *United Daughters of the Confederacy v. City of Winston-Salem by & through Joines*, 2022-NCSC-143, ¶ 25, 383 N.C. 612, 625–26, 881 S.E.2d 32, 44; *Willowmere Cmty. Ass'n, Inc. v. City of Charlotte*, 370 N.C. 553, 561, 809 S.E.2d 558 (2018). "Standing refers to whether a party has a sufficient stake in an otherwise justiciable controversy such that he or she may properly seek adjudication of the matter." *Peninsula Prop. Owners Ass'n, Inc. v. Crescent Res.*, *LLC*, 171 N.C. App. 89, 92–93, 614 S.E.2d 351, 353–54 (2005) (quoting *American Woodland Indus., Inc. v. Tolson,* 155 N.C.App. 624, 626, 574 S.E.2d 55, 57 (2002) (citations omitted), *cert. denied,* 357

6

N.C. 61, 579 S.E.2d 283 (2003)). As the North Carolina Supreme Court explained in *United Daughters of the Confederacy*, "[t]he 'gist of the question of standing' is whether the party seeking relief has 'alleged such a personal stake in the outcome of the controversy as to assure that concrete adverseness which sharpens the presentation of issues . . . ." *Id*. (cleaned up).

Atlantic asserts that because Plaintiff does not own the real property in question, it does not have standing to pursue any claims for damages to the Property. Yet, Atlantic's cited authority makes clear that even lawful possession or "a right to possess" property is sufficient to support standing. *See, e.g., Walker v. Imperial Irrigation Dist.*, No. D066429, 2015 WL 3971032, at *3 (Cal. Ct. App. June 30, 2015) ("Generally, to have standing to assert a claim for injury to real property, a person must own, lawfully possess, or have a right to possess the property.") At a minimum, there is a factual dispute that precludes summary judgment on whether Rutt Rental maintained lawful possession and/or had a right to possess the Property when the Lease was executed.

Plaintiff's contention that an "oral lease" supports its position is both incorrect and unnecessary. An oral lease, without terms, is not only unenforceable on its face (there are no terms to enforce), but it violates the statute of frauds because its "term" – to the extent it was "ongoing," not discussed and intended to "never end[]" – exceeds three years. *See* N.C.G.S. § 22-2; Doc. No. 56-1 at 48, 90-91. However, it is equally true that after Rutt Rental transferred ownership of the property to Michael Rutkauskas to get the property out of his brother Lawrence's divorce estate, he clearly allowed Rutt Rental to continue to possess, control and manage the property, although he did not formalize that transaction. Also, when Rutt Rental entered into the Lease with the Defendant, Michael Rutkauskas expressly ratified the Lease and Rutt Rental's status as the Landlord by signing the Lease himself on behalf of Rutt Rental.

7

Therefore, even though Rutt Rental was never given any continuing possessory interest beyond being a "tenant at will," it has standing to enforce its ratified written (and long ago fully executed) Lease with the Defendant. *See* Kent v. Humphries, 303 N.C. 675, 679, 281 S.E.2d 43, 46 (1981) (Allowing a plaintiff to assert claims under an oral lease that failed the statute of frauds because "[i]t has long been the rule in this State that the Statute of Frauds bars only enforcement of the invalid contract; it does not bar other claims which a party might have even though those claims arise in connection with the voidable lease."). Following the principle in *Kent*, Atlantic cannot avoid claims that it is liable to Rutt Rental (the counter party to the Lease) for property damage because Rutt Rental's possessory interest was only a "tenancy at will." Put another way, any dispute as to the scope of Rutt Rental's possessory interest in the property would be between Rutt Rental and Michael Rutkauskas and does not benefit the Defendant. Also, this rule is particularly applicable in this case where the Defendant has already occupied the Property for the full term of the Lease.

In sum, Rutt Rental has established standing to pursue its claim as the Landlord of the Property for damages allegedly owed by Atlantic under the Lease.

### B. Michael Rutkauskas as a Necessary Party

Atlantic's secondary argument in support of its motion is that Michael Rutkauskas is a necessary party to this action, which cannot proceed in his absence. *See* Fed. R. Civ. Proc. 19. The moving party bears the burden of showing that an absent party is a necessary party. *Sunbelt Rentals Inc. v. Guzman*, No. 5:20-CV-00070-KDB-DSC, 2020 WL 5522997, at *2 (W.D.N.C. August 27, 2020). Under Rule 19, a person must be joined as a party if in the person's absence "the court cannot afford complete relief among the existing parties" or would impair a person's interest

relating to the subject matter of the dispute or leave an existing party subject to the risk of multiple judgments. *Id*. None of these requirements are present here.

First, the Court can award complete relief among the existing parties. The parties to the Lease – the Landlord and Tenant – are before the Court, and if the jury determines that Atlantic is liable for damages under the Lease then the payment of those damages to Rutt Rental as the Landlord "affords complete relief." Atlantic contends that "[w]hen a court proceeding directly affects or determines the scope of rights or interests in real property, any persons who claim an interest in the real property at issue" are required parties under Rule 19, citing *Johnson v. James B. Nutter & Co.*, 438 F. Supp. 3d 697, 708 (S.D. W.Va. 2020). However, no "right or interest in the Property" is at issue here, only a claim for damages under a lease. Further, Defendant is not subject to the risk of multiple judgments because of Michael Rutkauskas' sworn testimony that the Lease reflects a sublease of his interests and that he did not retain any personal claim under the Lease. *See* Doc. No. 68 at 12 ("Because privity of estate does not exist between Michael Rutkauskas and Defendant, Mr. Rutkauskas has no right of action directly against Defendant due to its role as subtenant of Plaintiff.").

Therefore, Michael Rutkauskas is not a necessary party to this action.

### IV. ORDER

**NOW THEREFORE IT IS ORDERED THAT:**

1. Defendant's Motion for Summary Judgment (Doc. No. 66) is **DENIED;** and

2. This case shall proceed to trial on the merits on the remaining claims in the absence of a voluntary resolution of the dispute among the parties.

**SO ORDERED ADJUDGED AND DECREED.**

Signed: October 2, 2024

Kenneth D. Bell
United States District Judge